<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| ──────────────────────── : | | |
| ABDULLAH AQUIL, | : | Civ. Action No. 21-12893 (RMB) |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN LAMINE N'DIAYE, | : | |
| | : | |
| Respondent. | : | |
| ──────────────────────── : | | |

**BUMB, Chief United States District Judge**

This matter comes before the Court upon Petitioner Abdullah Aquil's ("Petitioner") petition for a writ of habeas corpus ("Petition") under 28 U.S.C. § 2241 (Petition, Docket No. 1), challenging his federal sentence computation.  (*See id.*) Petitioner also filed a motion for an expedited judgment. (Docket No. 1-1.) Also before the Court is Respondent's answer opposing habeas relief.  (Answer, Docket No. 7.) Petitioner did not file a reply brief. For the reasons set forth below, the Court denies the Petition and denies the motion for expedited judgment as moot.

I.      <u>RELEVANT BACKGROUND</u>

A. **The Relevant Sentences**

On July 29, 2009, the United States District Court for the District of South Carolina sentenced Petitioner to a 70-month term of imprisonment, followed by a 3-year term of supervised release after he was convicted as a Felon In Possession of a Firearm and

Ammunition charges (Cr. No. 3:08-772). (*See* Declaration of Veronica Hodge ("Hodge Decl.") n. 2, Attach. G, SENTRY Public Information Inmate Data at 6-8.) On October 26, 2014, he was released from custody via good conduct time ("GCT") release to his term of supervised release. (*Id.*)

On February 3, 2017, while Petitioner was still subject to supervised release for the previous federal conviction, the Richland Country Sheriff's Department arrested and detained Petitioner in Columbia, South Carolina for Distribution of Heroin, Trafficking Heroin, and Possession of a Weapon during Violent Crime. (*See id.*, Attach. A, Petition for Warrant or Summons for Offender Under Supervision at 2.) Petitioner's Pre-Sentence Investigation Report ("PSR") reflects that state authorities released him from custody on February 7, 2017, after he executed a bond.  (*See* Hodge Decl. at ¶ 4(a), Attach A at 3; Attach. G at 4.)

On March 8, 2017, the United States Marshals Service ("USMS") arrested Petitioner for violating his supervised release for his prior federal conviction and remanded him into custody. (*See id.*, Attach. B, Arrest Warrant Crim. No. 3:08-772.) On May 15, 2017, the District Court revoked Petitioner's term of supervised release from the prior federal conviction and sentenced him to a 24-month term of imprisonment, followed by a 1-year term of supervised release. (*See id.*, Attach D, Judgment of Conviction Case No. Cr 3:08-772.)

On July 18, 2017, a grand jury in the U.S. District Court for the District of South Carolina issued a new indictment (Cr. No. 3:17-00675) charging Petitioner with Possession with Intent to Distribute a Quantity of Heroin (7 Counts) and Felon in

Possession of a Firearm and Ammunition. (*See id.*, Attach. E, Criminal Indictment Case No. 3:17-675.) Petitioner's PSR reflects that on January 28, 2018, state prosecutors declined to proceed on the charges for Distribution of Heroin, Trafficking Heroin, and Possession of a Weapon during Violent Crime charges against Petitioner. (Hodge Decl. at ¶ 4(e).)

On September 10, 2018, after Petitioner pleaded guilty to two counts of the indictment, the District Court in the District of South Carolina sentenced Petitioner and directed as follows: "The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of ninety-two (92) months as to each count 7 and 8, to run concurrently with each other and to run consecutively with the revocation sentence imposed in CR 3:08-772 [the prior federal sentence]." (*See id.*, Attach. F, Judgment of Conviction, Case No. 3:17-CR-675 at 2.)

**B. BOP's Sentence Computation**

BOP prepared a sentence computation for Petitioner by aggregating the 24-month term of imprisonment for the supervised release violation imposed in Criminal Case No. 3:08-772 on May 15, 2017, and the 92-month term of imprisonment imposed on September 10, 2018, in Criminal Case No. 3:17-675. This resulted in an aggregate sentence term of 116-months imprisonment. (*See* Hodges Decl. at ¶ 5, Attach. G at 4; *see also* Attach. C, USM-129 Individual Custody/Detention Report at 2.) As such, Petitioner's 116-month

aggregate federal sentence commenced on May 15, 2017, the day the Court imposed the violation of supervised release term of imprisonment. (*See id.*; *see also* Attach. C.)

BOP awarded Petitioner prior custody credit ("jail credit") from February 3, 2017, through February 7, 2017, representing the time he spent in the custody of state law enforcement officials prior to his release on bond. (*See id.*, Attach. G at 4.) BOP also awarded Petitioner prior custody credit from March 9, 2017, through May 14, 2017, representing the time he spent in custody after his arrest by the USMS through the day prior to his sentencing in Cr. No, 3:17-675. (*See id.*; *see also* Attach. F.)

After subtracting the jail credits from Petitioner's 116-month aggregate sentence, BOP calculated that Petitioner's term of imprisonment would expire on November 3, 2026. (*Id.*, Attach. G. at 4.) Assuming Petitioner receives all GCT available under 18 U.S.C. §3624(b), Petitioner has a projected release date of June 26, 2025. (Hodge Decl. at ¶ 9, Attach G at 1.)

### C. Administrative Exhaustion

In the Petition, Plaintiff indicates that he submitted an informal remedy regarding the alleged sentence computation error and also appealed to the Warden and the Regional Director. (Petition at 5.) Petitioner also attaches to his Petition a form titled "Inmate Request to Staff," in which he inquired about "fixing [his] jail credits" and contended that he is "missing almost 2yrs of credit." (*See* ECF No. 1-3 at 2.) R. Gallop provided the following response on June 14, 2021:

> The following is the response from DSCC:
> Hello,
> Aquil's 92 month sentence he received on 9-10-2018 on Case

> 3:17-675 was to run consecutively to the 24[-]month sentence on the revocation of case 3:08-772. This resulted in a total term of 116 months. We do not credit the time spent serving the sentence on the revocation of case 3:08-772 as we do not credit time spent serving another sentence, and the sentences are to be ran [sic] consecutively.

(*Id.*) With respect to exhaustion, the government submitted the Declaration of Corrie Dobovich ("Dobovich Decl."). Dobovich conducted a search of the computerized indexes of administrative remedies filed by inmates within the BOP, which returned no results for Petitioner. (*See* Dobovich Decl. at ¶ 8, Attach. A, SENTRY Administrative Remedy Generalized Retrieval.)

### D. The Petition

On June 23, 2021, Petitioner filed the instant Petition challenging his federal sentence computation. Petitioner asserts that the Federal Bureau of Prisons ("BOP") did not credit him for a 24-month sentence for violating the term of supervised release. He further asserts that his release date should have been in early 2023, had the BOP properly credited his 24-month sentence. (*See* Petition at 6; *see also* Motion to Expedite Proceeding, ECF No. 1-1 at 1-3.) Petitioner was incarcerated at FCI Fort Dix at the time he filed his Petition.

### E. DISCUSSION

### A. The Parties' Arguments

Petitioner's sole claim is that BOP did not credit him for time served for his 24-month sentence for violating his term of supervised release. The government does not challenge jurisdiction but argues that Petitioner did not exhaust his administrative

remedies as to this claim.[1]   Moreover, the government argues that Petitioner's claim is meritless because BOP properly calculated his sentence, aggregating his 24-month sentence and his later 92-month sentence, as the federal sentencing judge explicitly ordered. The government further contends that BOP properly determined that these sentences began on May 15, 2017, the date the 24-month sentence was imposed.

As noted above, Petitioner did not file a reply brief addressing the government's arguments.

### B. Exhaustion

BOP has established a four-step process for federal inmates to exhaust administrative remedies. *See* 28 C.F.R. § 542.10 et seq. To comply with this process, an inmate generally must first attempt to informally resolve his dispute with prison staff. *See* 28 C.F.R. § 542.13. If these efforts fail, the inmate must then submit an administrative remedy request to the warden of his institution within twenty days of the event or decision underlying the request. *See* 28 C.F.R. § 542.14(a), (c). If the administrative remedy request is denied, the inmate must then file an appeal with the appropriate

---

[1] Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989). District courts have jurisdiction under § 2241 when a federal prisoner challenges the BOP's calculation of his or her sentence. *Savage v. Zickefoose*, 446 F. App'x 524, 526 (3d Cir. 2011); *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976). This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the calculation of his sentence on federal grounds, and he was incarcerated in New Jersey at the time he filed the Petition. *See Blood v. Bledsoe*, 648 F. 3d 203 (3d Cir. 2011); *Vega v. United States*, 493 F. 3d 310, 313 (3d Cir. 2007); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005); *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1991).

Regional Director within twenty days of the date of the warden's response. See 28

C.F.R. § 542.15(a). If the Regional Director denies the appeal, the inmate must then

appeal that decision to BOP's Central Office, General Counsel, within thirty days from

the date of the Regional Director's response. *See id.*

Here, Petitioner states in his Petition that he submitted an informal remedy and

appealed to the Warden and the Regional Director. (Petition at 5.) The government,

however, has conducted a search of the computerized indexes of administrative remedies

filed by inmates within the BOP, which returned no results for Petitioner. (*See* Dobovich

Decl. at ¶ 8, Attach. A, SENTRY Administrative Remedy Generalized Retrieval.) Even

if the Petitioner completed part of the exhaustion process, it appears undisputed that he

did not appeal the decision to the BOP's central office. The Court thus finds that the

Petition is subject to dismissal for failure to exhaust administrative remedies.  As explained

below, the Court also finds in the alternative that the Petition lacks merit.

**C. Law Governing Federal Sentence Calculation**

The statutory responsibility for calculating federal criminal sentences rests with the

Attorney General of the United States, who delegated such authority to the BOP. *United*

*States v. Wilson*, 503 U.S. 329, 333-35 (1992). To compute a sentence, the BOP must make

two determinations: first, "when the sentence commenced" and, second, "whether the

prisoner is entitled to any credits toward his sentence." *Blood v. Bledsoe*, 648 F.3d 203, 207

(3d Cir. 2011). 18 U.S.C. § 3585 governs computation of federal sentences, including when

a federal sentence commences and the award of prior custody credit. A federal sentence

commences on "the date the defendant is received in custody awaiting transportation to,

or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Title 18 U.S.C. § 3584(c), as referenced in BOP Program Statement 5880.28, reflects that multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment. *See* Program Statement 5880.28, Sentence Computation Manual (CCA of 1984) at 1-33, accessible at www.bop.gov/PublicInfo/execute/policysearch.

When an inmate is facing only a federal sentence, the application of § 3585(a) is straightforward: The BOP will designate the inmate to a federal detention facility, and it will calculate the federal sentence to have commenced on the date it was imposed (or, in the event that the inmate is permitted to voluntarily surrender, on the date of surrender). *See* BOP Program Statement 5880.28 at 1-12.2.

When an inmate is subject to sentences imposed by more than one sovereign, however, the federal and state authorities must determine where, and in what order, the inmate will serve his sentences. At common law, the doctrine of "primary jurisdiction" developed to provide an orderly method to prosecute and incarcerate an individual who had violated the laws of more than one sovereign. *See generally George v. Longley*, 463 F. App'x 136, 138 n.4 (3d Cir. 2012); *Bowman v. Wilson*, 672 F.2d 1145, 1153 (3d Cir. 1982). The doctrine provides that the sovereign that first arrests an individual has primary jurisdiction and is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by another sovereign. *See, e.g., Bowman*, 672 F.2d at 1153-54. The sovereign that first arrests the individual retains primary jurisdiction until it

relinquishes custody by granting bail or dismissing the charges. *See, e.g., Davis v. Sniezek*, 403 F. App'x 738, 740 (3d Cir. 2010) ("Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: (1) release on bail; (2) dismissal of charges; (3) parole, or (4) expiration of sentence.").

### D. The BOP Properly Calculated Petitioner's Sentence

Here, Petitioner began in primary state jurisdiction after South Carolina state law enforcement arrested and detained him on February 3, 2017, but the state relinquished custody of Petitioner on February 7, 2017, after he was released on bond. (*See* Hodge Decl., Attach. A at 2.) Thereafter, on March 9, 2017, USMS arrested Petitioner for violating supervised release and remanded him into federal custody. (*See* Hodge Decl., Attach. B.) Subsequently, on May 15, 2017, the United States District Court for the District of South Carolina revoked his term of supervised release and sentenced Petitioner to a 24-month term of imprisonment. (*See id.*, Attach. D.) Although state law enforcement officials first arrested Petitioner and initially had primary jurisdiction over Petitioner, he was in primary federal custody and under federal jurisdiction when he was sentenced on May 15, 2017. *See* 18 U.S.C. § 3585(a).

BOP also properly aggregated Petitioner's two federal sentences in setting his release date. On September 10, 2018, Petitioner was sentenced to a 92-month term of imprisonment for two charges, Possession with Intent to Distribute a Quantity of Heroin and Felon in Possession of a Firearm and Ammunition. (*See* Hodge Decl., Attach. F at 2.) The sentencing court directed that the sentences for these counts should run concurrently with each other, but consecutively to Petitioner's previously imposed 24-month sentence.

*Id.* Accordingly, the BOP determined that Petitioner's aggregate federal sentence commenced on May 15, 2017, the date Petitioner's 24-month sentence was imposed. (*See id.*; *see also* Attach. G at 4.)

BOP also awarded Petitioner all of the prior custody credits to which he is entitled. BOP has the authority to determine if a defendant is eligible for credit for time served in detention prior to sentencing. *United States v. Wilson*, 503 U.S. 329, 335 (1992). Section 3585(b) only allows credit for time "that has not been credited against another sentence." *Id.* at 334. Under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit towards another sentence. "Congress made it clear that a defendant could not receive double credit for his detention time." *Id.* Further, under BOP policy, if a state sentence is imposed, either before or after the time a federal sentence commences, it is presumed that the state has awarded, or will award time off the state sentence for time spent in state custody. *See* Program Statement 5880.28 at 1-24A.

Here, BOP awarded Petitioner jail credit from February 3, 2017, through February 7, 2017, representing the time he spent in the custody of state law enforcement officials prior to his release on bond. (Hodge Decl., Attach. G at 4.) BOP also awarded Petitioner prior custody credit from March 9, 2017, through May 14, 2017, representing the time he spent in custody after his arrest by the USMS through the day prior to his sentencing in Cr. No, 3:17-675. (*See id.*; *see also id.*, Attach. F.) After applying these credits to Petitioner's

116-month aggregate sentence, BOP properly calculated Petitioner's release date as November 3, 2026, modified to June 26, 2025, assuming he receives all GCT.

In sum, because BOP properly calculated Petitioner's sentence and properly computed his release date in accordance with BOP policy and established law, the Court also denies the Petition as meritless.

## F. CONCLUSION

For the reasons discussed above, the Court denies the Petition. (Docket No. 1.) Having denied the Petition, the Court denies the motion for expedited judgment (Docket No. 1-1) as moot. An appropriate Order follows.

Date: August 11, 2023.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**CHIEF UNITED STATES DISTRICT JUDGE**